**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DELBERT M. FRANKLIN,                :                CIVIL ACTION
     Petitioner          :
         :
   v.                                    :
         :
         :
LOUIS FOLINO, et al.,                :
     Respondent          :                NO. 07-1536

---

### REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                     October 30, 2007
UNITED STATES MAGISTRATE JUDGE

  Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254.  Delbert M. Franklin ("Petitioner"), currently incarcerated at the State Correctional Institution in Waynesburg, Pennsylvania, seeks habeas relief based on claims of state court error and ineffective assistance of counsel.  The Honorable Eduardo C. Robreno referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Petitioner's habeas claims be DENIED without a hearing.

### I.  BACKGROUND AND PROCEDURAL HISTORY[1]

  On December 10, 1997, following a jury trial, Petitioner was convicted of 44 counts involving various offenses, including corrupt organization, robbery, aggravated assault, simple assault, firearms offenses, possession of instruments of crime, and drug offenses. Ans. at 6-10.  On the same day, Petitioner was sentenced to an aggregate term of incarceration of 30 to 60 years to be

---

[1]The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition ("Pet."), the Brief in Support of Petitioner's Habeas Petition ("Pet'r's Br."), the Commonwealth's Answer to the Habeas Petition ("Ans."), inclusive of all exhibits thereto (including Petitioner's petition for allowance of appeal in No. 414 MAL 2001, provided upon the court's request), and the state court record.

followed by 11 years of probation.  *Id.* at 6, 10.  Petitioner did not file a direct appeal; however, new

counsel filed a Post Conviction Relief Act, ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, petition

alleging trial counsel was ineffective.  Ans. at 10.  After an evidentiary hearing on March 23, 1999,

on May 26, 1999, the trial court, by Opinion and Order, found that trial counsel was ineffective and

ordered a new trial.  *Id.* at 10-11.  The Commonwealth appealed the decision to grant a new trial.

*Id.* at 11.

On appeal, the Pennsylvania Superior Court affirmed the trial court's finding that trial

counsel rendered ineffective assistance, but denied Petitioner a new trial.  *Commonwealth v.*

*Franklin*, No. 1925 EDA 1999, slip op. at 2-3 (Pa. Super. Ct. May 23, 2000).  Rather, it found that

the trial court should have simply granted Petitioner the right to file an appeal *nunc pro tunc* without

reaching the merits of Petitioner's other ineffective assistance claims.  *Id.* at 3.  The Superior Court

remanded the case so the trial court could issue an order permitting Petitioner to file his direct appeal

*nunc pro tunc*.  *Id.* at 3-4.  On May 30, 2000, the trial court ordered Petitioner to file a direct appeal

*nunc pro tunc* within 30 days.  Ans. at 12.  Petitioner did so, *id.*, and, on March 21, 2001, the

Superior Court affirmed the judgment of sentence.[2]  *Commonwealth v. Franklin*, No. 2010 EDA

2000, slip op. at 1-17 (Pa. Super. Ct. March 21, 2001) ("Super. Ct. op.").  Petitioner's allowance of

appeal ("*allocatur*") in the Pennsylvania Supreme Court was denied on October 1, 2001.[3]  Ans. at

12-13.

---

[2]On direct appeal to the Superior Court, Petitioner asserted that trial counsel was ineffective for failing to:  (1) call an alibi witness, Nicole Carter; (2) present evidence that he was at work during the commission of one of the crimes; (3) request a jury instruction on "corrupt and polluted source"; and (4) request a "no adverse-inference" jury instruction because Petitioner did not testify on his own behalf.  Super. Ct. op. at 3-17.

[3]In the *allocatur* petition, Petitioner asserted the same four claims raised in the Superior Court plus claims that:  (1) the Superior Court erred by analyzing the testimony of Nicole Carter solely as an imperfect alibi, rather than considering whether it could be otherwise exculpatory; and (2) the trial court's original findings should be given significant weight by the Supreme Court.  *Commonwealth v. Franklin*, No. 414 MAL 2001, *allocatur* petition at 6, 11-22.

On April 14, 2002, Petitioner filed a second PCRA petition. *Ans.* at 13.  On September 7, 2005, the trial court dismissed the PCRA petition. *Id.*  Petitioner appealed and, on June 15, 2006, the Superior Court affirmed the PCRA petition's dismissal.[4] *Commonwealth v. Franklin*, No. 2598 EDA 2005, slip op. at 1-8 (Pa. Super. Ct. June 15, 2006) ("Super. Ct. PCRA op.").  On August 23, 2006, the Superior Court denied Petitioner's application for re-argument. *Ans.* at 13.  Petitioner did not seek *allocatur*. *Id.*

The instant petition for federal habeas corpus relief, filed on April 16, 2007, and supporting brief, filed on September 7, 2007, allege:

> Ground One - the Superior Court erred on direct appeal by analyzing the testimony of Nicole Carter solely as an imperfect alibi, without considering whether it could be otherwise exculpatory;
>
> Ground Two - trial counsel rendered ineffective assistance by failing to call Nicole Carter as a witness;
>
> Ground Three - trial counsel rendered ineffective assistance by failing to present evidence that Petitioner was working during the time one of the offenses was committed;
>
> Ground Four - trial counsel rendered ineffective assistance by failing to request a "corrupt and polluted source" instruction;
>
> Ground Five - trial counsel rendered ineffective assistance by failing to request a "no-adverse-inference" jury instruction because Petitioner did not testify at trial; and
>
> Ground Six - this court should defer to the trial court's findings and conclusions concerning Petitioner's ineffective assistance claims rather than those of the Superior Court.

---

[4]On PCRA appeal, Petitioner asserted that:  (1) trial counsel was ineffective for failing to request a *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954), charge concerning Commonwealth witnesses Mona Lisa London and Harvey Legee; (2) the PCRA court erred in failing to find that direct appeal counsel was ineffective for failing to argue that trial counsel was ineffective for failing to object and move for a mistrial when the trial court characterized Petitioner's trial defense to the jury; and (3) the PCRA court erred in failing to allow Petitioner to file a counseled *nunc pro tunc allocatur* petition with respect to the Superior Court's direct appeal decision. Super. Ct. PCRA op. at 4.

Pet. at 10-14; Pet'r's Br. at 2, 10-22.   The Commonwealth contends that Petitioner's claims lack

merit.  *See* Answer at 18-58.  This court agrees and, therefore, recommends that the habeas petition

be denied, in its entirety, without a hearing.

## II.  DISCUSSION

### A.      The AEDPA Standard of Review

The habeas statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of

1996 ("AEDPA"), provides that this court can grant habeas relief on a claim that has been

adjudicated by a state court only when the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d).  The habeas statute also requires that any findings of fact made by the state

court be presumed to be correct; Petitioner bears the burden of rebutting the presumption of

correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court's adjudication of a claim is contrary to United States Supreme Court precedent

if the state court has applied a rule that contradicts the governing law set forth in Supreme Court

precedent or if the state court confronts a set of facts which are materially indistinguishable from a

decision of the Supreme Court and the state court arrives at a different result from the Supreme

Court.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  In determining whether a state court's

decision was contrary to Supreme Court precedent, the habeas court should not be quick to attribute

error.  *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*).  Instead, state court decisions

should be "given the benefit of the doubt." *Id.*  In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*).  All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

If, however, the state court does correctly identify the governing United States Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. *Williams v. Taylor*, 529 U.S. at 406.  A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court applies the correct law unreasonably to the facts of the petitioner's case. *See id.* at 407-08.  In making its unreasonable application determination, the habeas court must ask whether the state court's application of Supreme Court precedent was objectively unreasonable. *See id.* at 409.  The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect, it must be convinced that the state court's adjudication of the claim was objectively unreasonable. *See id.* at 411.  When deciding whether a state court's application of Supreme Court precedent was unreasonable, it is permissible to consider the decisions of lower federal courts which have applied clearly established Supreme Court precedent. *See Marshall v. Fredericks*, 307 F.3d 36, 71 n.24 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104 n.8 (3d Cir. 2001).

The Supreme Court, addressing the AEDPA's factual review provisions in *Miller-El v. Cockerell*, 537 U.S. 322 (2003), interpreted  § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See id.* at 340.  Yet, the habeas court can "disagree with a state court's credibility

determination." *See id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 528 (2003) (rejecting state court's factual determination under § 2254(e)(1) and § 2254(d)(2)).  If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted under § 2254(d)(2).[5]  *See Lambert,* 387 F.3d at 235.

**B.     Standard for Ineffective Assistance of Counsel**

Petitioner's ineffective assistance of counsel claims must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  In making this determination, the court's scrutiny of counsel's performance must be "highly deferential."  *Id.* at 689.  The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*  In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

Second, Petitioner must show that counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687.  That is, he must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.  "A reasonable probability is a probability

_____

[5]  Within the overarching standard of § 2254(d)(2), a petitioner may attack specific factual determinations made by the state court that are subsidiary to the ultimate decision.  *See Lambert*, 387 F.3d at 235.  § 2254(e)(1) instructs that the state court's factual determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence.  *See id.*  A petitioner may develop clear and convincing evidence by way of a hearing in federal court if he satisfies the prerequisites for that hearing found in 28 U.S.C. § 2254(e)(2).  *See Lambert*, 387 F.3d at 235.  In the final analysis, even if a state court's individual factual determinations are overturned, the remaining findings must still be weighed under the overarching standard of § 2254(d)(2).  *See id.* at 235-36.

sufficient to undermine confidence in the outcome," *id.* at 694, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If Petitioner fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, counsel will not be deemed ineffective for failing to present an unmeritorious claim or objection. *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998); *Moore v. Deputy Commrs. of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991).

**C.      Ground One - Testimony of Nicole Carter**

Petitioner asserts that the Superior Court erred on direct appeal by analyzing the testimony of Nicole Carter solely as an imperfect alibi, without considering whether her testimony could be otherwise exculpatory. This claim, presented to the Pennsylvania Supreme Court in the direct appeal *allocatur* petition, was not resolved on its merits because *allocatur* was denied.[6]  Not having been resolved on the merits by the state court, the AEDPA standard of review does not apply to this claim. *See Everett v. Beard*, 290 F.3d 500, 508 (3d Cir. 2002).

Petitioner fails to specifically identify in ground one which constitutional right the Superior Court violated in its decision.  Apparently, he is asserting a Sixth Amendment claim that trial counsel was ineffective in failing to call Nicole Carter as a witness whose testimony was exculpatory for reasons other than providing an alibi and that the Superior Court failed to determine whether or not her testimony was sufficiently exculpatory so that the failure to present it constituted *Strickland* prejudice. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*) (noting that *pro se* filings are held to less stringent standards than the filings of attorneys).

Nicole Carter, Petitioner's relative , (N.T. 3/23/99 at 121), testified that on July 20, 1996 she

---

[6]Ordinarily, presenting a claim for the first time in an *allocatur* petition would not constitute exhaustion. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  However, Petitioner claims that the Superior Court erred on direct appeal and the only way to present such a claim would be in a subsequent *allocatur* petition.  Thus, the claim is exhausted.

heard gunshots while at home and went to the crime scene to see what had happened.  *Id.* at 122.
While at the scene, she heard Cindy Purcell say that Mr. James had just shot at her nephew, Sheron
Shabazz.  *Id.* at 122-124.  Ms. Carter knew Mr. James to be Petitioner's nickname.  *Id.* at 125.  After
hearing him accused of being the shooter, she went to look for Petitioner's mother.  *Id.*  On her way
to Petitioner's mother's house, Ms. Carter saw Petitioner eating at a restaurant approximately 15
minutes after the shooting, at a location approximately five blocks from the crime scene.  *Id.* at 126-
27.  She and Petitioner drove back to the crime scene where he spoke to the police.  *Id.* at 127.
Petitioner subsequently went to the police station; Ms. Carter waited for him there for approximately
one hour and then left.  *Id.* at 127-28.

Petitioner maintains that Ms. Carter's testimony was helpful to the defense even if
insufficient to provide an alibi, *see infra* Section II(D); hence it was prejudicial for trial counsel to
have failed to present it.  Petitioner contends that her testimony suggests that he did not commit the
crime and corroborates the notion that he voluntarily went to the scene of the crime to clear his name
shortly after the crime, an action he deems inconsistent with guilt.

In this court's view, Ms. Carter's testimony would not have helped Petitioner.  First, she did
not actually witness the crime.  The victim, Mr. Shabazz, testified that, while shots were fired at him
on July 20, 1996, he heard Petitioner ordering others to shoot him.[7]  (N.T. 12/8/97 at 105).  Second,
the fact that Petitioner went to the scene of the crime after the shooting is not necessarily
exculpatory.  Petitioner may have accompanied Ms. Carter simply to provide the police with lies and
to deflect suspicion from him.[8]  As Ms. Carter's testimony was not helpful to Petitioner, he was not

---

[7]Mr. Shabazz also testified that, on July 19, 1996, Petitioner and Ironne Cannon had drawn guns on him, stolen $1,600 from him, and shot at him several times.  (N.T. 12/8/97 at 99-102).

[8]Officer Richard Bowden testified that Petitioner came to the scene after the shooting and denied involvement it.  (N.T. 10/9/97 at 142-43).  Petitioner was transported to the police station by other officers.  *Id.* at 143.

prejudiced by counsel's failure to present it. *See Strickland*, 466 U.S. at 695 (prejudice exists where the omitted evidence presents a reasonable probability of a different outcome). Absent prejudice, Petitioner's claim fails. *Id.* at 697.

**D.      Ground Two - Alibi Defense**

Petitioner asserts that trial counsel was ineffective for failing to call Nicole Carter as a witness. On direct appeal, this claim was presented to the Superior Court as an allegation that Ms. Carter's testimony would have provided an alibi to the July 20, 1996 shooting of Mr. Shabazz. Super. Ct. op. at 3, 4-6. The Superior Court concluded that Ms. Carter's testimony did not constitute an alibi under Pennsylvania law; hence, Petitioner was not prejudiced by its omission and his claim failed. *Id.* at 5-6.

The Superior Court's conclusion that Ms. Carter's testimony did not constitute an alibi under Pennsylvania law is binding on this court and may not be re-examined. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Based on this, Petitioner's claim fails to meet the AEDPA standard of review. First, the Supreme Court has never held that an attorney can be ineffective where the evidence he fails to present does not constitute an alibi. Therefore, the Superior Court's resolution of Petitioner's claim is not contrary to Supreme Court precedent. *Williams v. Taylor*, 529 U.S. at 405-06. Second, the state court reasonably concluded that Petitioner could not establish prejudice when Ms. Carter's testimony failed to provide an alibi because her testimony had no tendency to suggest a contrary verdict, which is what prejudice requires. *See Strickland*, 466 U.S. at 695. Absent prejudice, Petitioner's ineffective assistance claim fails.[9] *Id.* at 697.

---

[9] Petitioner asserts that the Superior Court's adjudication of his claim was based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings, thereby invoking § 2254(d)(2). *See* Pet'r's Br. at 12-13. However, he fails to identify any factual error in the Superior Court's analysis and, in reality, his claim was defeated based upon legal insufficiency, not factual insufficiency. Therefore, § 2254(d)(2) is not applicable.

**E.      Ground Three - Evidence of Petitioner's Work Schedule**

Petitioner asserts that trial counsel rendered ineffective assistance by failing to present evidence that he was working during the time Mr. Shabazz was shot on July 19, 1996.  On direct appeal, the Superior Court resolved this claim by finding that, based on stipulations between the Commonwealth and Petitioner concerning the time the offense was committed (Noon to 2:00 p.m.), the time Petitioner was scheduled to work (3:00 p.m. to 11:00 p.m.), and the distance between the crime scene and Petitioner's workplace (30 minutes), his work schedule provided no alibi because he could have committed the crime at 2:00 p.m. and still had sufficient time to arrive at work by 3:00 p.m.  Super. Ct. op. at 7-8.  Thus, Petitioner was not prejudiced by trial counsel's failure to present this evidence.  *Id.* at 8.

As with ground two, this court is bound by the Superior Court's determination that, under state law, Petitioner's work schedule did not provide an alibi.  *Estelle v. McGuire*, 502 U.S. at 67-68.  Since the Supreme Court has never held that an attorney can be ineffective where the evidence he fails to present neither constitutes an alibi, nor is helpful, the Superior Court's resolution of Petitioner's claim is not contrary to Supreme Court precedent.  *Williams v. Taylor*, 529 U.S. at 405-06.  In addition, it was reasonable to conclude that Petitioner could not establish prejudice when omitted testimony failed to provide an alibi because that testimony had no tendency to suggest a contrary verdict, as prejudice requires.  *See Strickland*, 466 U.S. at 695.  Absent prejudice, Petitioner's ineffective assistance claim fails.[10]  *Id.* at 697.

---

[10]Petitioner asserts that the Superior Court's adjudication of his claim was based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings, thereby invoking § 2254(d)(2).  *See* Pet'r's Br. at 15.  However, he fails to identify any factual error in the Superior Court's analysis and, in reality, his claim was defeated based upon legal insufficiency, not factual insufficiency.  Therefore, § 2254(d)(2) is not applicable.

F.     **Ground Four - "Corrupt and Polluted Source" Instruction**

Petitioner asserts that trial counsel rendered ineffective assistance by failing to request a "corrupt and polluted source" instruction. In Pennsylvania, when an accomplice testifies at trial and implicates the defendant, the jury should be instructed that the accomplice is a "corrupt and polluted source" whose testimony must be received with caution. Super. Ct. op. at 8 (citing *Commonwealth v. Chmiel*, 639 A.2d 9, 13 (Pa. 1994)). The Superior Court conceded that such a charge was necessary because six of the witnesses who testified against Petitioner were accomplices to several of the crimes of which he was found guilty. *Id.* at 9. However, after its review of the instructions given by the trial court, the court concluded that the jury was adequately instructed on the question of "corrupt and polluted sources." *Id.* at 9-10. As a result, Petitioner was not prejudiced. *Id.* at 10.

This court is bound by the Superior Court's conclusion that the trial court communicated the substance of the state-law required "corrupt and polluted source" instruction to the jury. *Estelle v. McGuire*, 502 U.S. at 67-68. Accordingly, Petitioner's claim fails under the AEDPA standard of review. First, the Supreme Court has never held that an attorney can be ineffective for failing to request a jury instruction which, in substance, the trial court gave. Thus, the Superior Court's resolution of Petitioner's claim is not contrary to Supreme Court precedent. *Williams v. Taylor*, 529 U.S. at 405-06. Second, it was reasonable for the state court to conclude that Petitioner could not establish prejudice when the trial court gave the required instruction despite counsel's failure to request it because counsel's omission did not impact the verdict, which is what prejudice requires. *See Strickland*, 466 U.S. at 695. Absent prejudice, Petitioner's ineffective assistance claim fails.[11]

---

[11]Petitioner asserts that the Superior Court's adjudication of his claim was based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings, thereby invoking § 2254(d)(2). *See* Pet'r's Br. at 17-18. However, he fails to identify any factual error in the Superior Court's analysis and, in reality, his claim was defeated based upon legal, not factual, insufficiency. Therefore, § 2254(d)(2) is not applicable.

*Id.* at 697.

## G.    Ground Five - "No - Adverse - Inference" Instruction

Petitioner asserts that trial counsel rendered ineffective assistance by failing to request a "no-adverse-inference" jury instruction because Petitioner did not testify at his trial.  The Superior Court found that the trial court appropriately instructed the jury not to infer Petitioner's guilt because he did not testify at trial; therefore, Petitioner was not prejudiced by trial counsel's failure to request a "no-adverse-inference" instruction.  Super. Ct. op. at 11-15.

The Superior Court's resolution of Petitioner's claim was based upon its application of Pennsylvania's constitutional requirements concerning a "no-adverse-inference" instruction.[12]  This court may not re-examine the Superior Court's application of the requirements of Pennsylvania's constitution, *Estelle v. McGuire*, 502 U.S. at 67-68, thus, the court presumes the trial court properly instructed the jury that it was not to draw an adverse inference from Petitioner's failure to testify.  In light of this conclusion, Petitioner's claim fails under the AEDPA standard of review.  First, the Supreme Court has never held that an attorney can be ineffective when, despite his failure to request a state-law required jury instruction, the trial court, nonetheless, provides the substance of the required instruction to the jury.  Thus, the Superior Court's resolution of Petitioner's claim does not contravene Supreme Court precedent.  *Williams v. Taylor*, 529 U.S. at 405-06.  Second, it was reasonable to conclude that Petitioner could not establish prejudice when the trial court gave the required instruction, despite counsel's failure to request it, inasmuch as counsel's failure had no

---

[12]The Superior Court relied upon the Pennsylvania Supreme Court's line of "no-adverse-inference instruction" cases commencing with *Commonwealth v. Lewis*, 598 A.2d 975 (Pa. 1991).  *See* Super. Ct. op. at 11-12.  In *Lewis*, the Pennsylvania Supreme Court emphasized that its decision was based solely upon Article I, Section 9 of the Pennsylvania constitution.  598 A.2d at 978, 983.  Indeed, the court expressly stated that its decision was based upon adequate and independent state law grounds, *id.* at 983, which would serve to insulate its decision from *certiorari* review in the United States Supreme Court.  *See Michigan v. Long*, 463 U.S. 1032, 1041 (1983).

impact on the verdict, which is what prejudice requires.  *See Strickland*, 466 U.S. at 695.  Absent

prejudice, Petitioner's ineffective assistance claim fails.[13]  *Id.* at 697.

## H.     Ground Six - Deference to Trial Court's Findings

Petitioner asserts that this court should defer to the trial court's findings and conclusions

concerning Petitioner's ineffective assistance claims rather than those of the Superior Court.[14]

Petitioner's assertion is belied by governing precedent.  When applying the AEDPA standard of

review, the habeas court must review the decision of the highest state court that substantively

reviewed each claim.  *Fountain v. Kyler*, 420 F.3d 267, 373-74 (3d Cir. 2005).  Likewise, when the

state appellate court makes factual findings, the presumption of correctness is applied to those of the

appellate court, not those of the trial court.  *See Rolan v. Vaughn*, 445 F.3d 671, 679-80 (3d Cir.

2006).  Appropriately, this court has applied the AEDPA standard of review to the Superior Court's

decision, not the trial court's decision.

## III.     CONCLUSION

All of Petitioner's claims lack merit.  Further, reasonable jurists would not debate the

appropriateness of this court's disposition of his claims; therefore, a certificate of appealability

should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Accordingly, I make the

following:

---

[13]Petitioner asserts that the Superior Court's adjudication of his claim was based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings, thereby invoking § 2254(d)(2).  *See* Pet'r's Br. at 20.  However, he fails to identify any factual error in the Superior Court's analysis and, in reality, his claim was defeated based upon legal insufficiency, not factual insufficiency.  Therefore, § 2254(d)(2) is not applicable.

[14]This assertion, which is not actually a ground upon which habeas relief could be granted but, instead, suggests a procedural approach to review Petitioner's substantive grounds for relief, only pertains to the ineffective assistance claims which the Superior Court actually adjudicated; hence, it does not apply to ground one.

## **RECOMMENDATION**

AND NOW, this 30th day of October, 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's claims be DENIED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.   Petitioner may file objections to this Report and Recommendation within ten (10) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

    */s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE