```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELBERT FRANKLIN,              :    CIVIL ACTION
                               :    NO. 07-1536
          Petitioner,          :
                               :
     v.                        :
                               :
LOUIS FOLINO ET AL.,           :
                               :
          Respondents.         :
```

**O R D E R**

**AND NOW**, this **5th** day of **March 2008**, upon consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells,[1] it is hereby **ORDERED** as follows:

1. The Report and Recommendation (doc. no. 16) is

    **APPROVED** and **ADOPTED**;[2]

---

[1] No objections to the Report and Recommendation ("R&R") were filed although petitioner was granted two extensions of time in which to file objections (doc. nos. 16 & 18).

[2] The Court agrees with Judge Wells' recommendation as to each claim presented in the petition and notes that there is an additional argument in support of the R&R's conclusions as to Claims 1 and 2. These claims argue that petitioner received ineffective assistance of counsel because his trial counsel failed to call Nicole Carter, a relative of petitioner, as a witness to provide exculpatory evidence. According to the testimony that Carter provided at petitioner's PCRA hearing, if Carter had been called as a trial witness, she would have testified that regarding one of the shootings of which petitioner was accused. Carter would have testified that she heard shots and ran to the scene of the crime. Although she did not see petitioner, she heard the mother of the victim say that petitioner had committed the shooting. Because Carter was petitioner's relative, she left the scene and went to look for petitioner's mother. Instead, she found petitioner standing on the street about five blocks from the scene and eating. After she told petitioner that someone had been shot and that petitioner had been accused, he volunteered to return with her to

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;

4. There is no probable cause to issue a Certificate of Appealability.[3]

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno

**EDUARDO C. ROBRENO, J.**

---

the scene of the crime so that the matter could be cleared up.

The Report and Recommendation concludes that petitioner's claims must be dismissed because Carter's testimony "would not have helped Petitioner" and has "no tendency to suggest" petitioner's innocence. R&R 8-9. However, even if the testimony were viewed as suggesting petitioner's innocence because it is unlikely that a guilty person would willingly agree to return to the scene of the crime after having been accused, Claims 1 and 2 must be denied. As Judge Wells correctly notes, there are a number of reasons why Carter's testimony might not have been believed. Id. Moreover, the evidence of petitioner's guilt is overwhelming: testimony at trial was presented from an eyewitness to the shooting and a bystander to whom petitioner confessed. Thus, petitioner has failed to show that there is a "reasonable probability" that if Carter had testified "the result of the proceeding would have been different." Williams v. Taylor, 529 U.S. 362, 373 (2000). Without such a showing, petitioner cannot succeed on a claim for ineffective assistance of counsel.

[3] A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No basis for a certificate of appealability exists in this case, as the petitioner is unable to meet this standard.

2